THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL WEST, Defendant-Appellant.

First District (1st Division)   No. 1—00—2188

Opinion filed July 9, 2001.

Rita A. Fry, Public Defender, of Chicago (David P. Davidow, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, and Karin V. Pettit, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

This case presents a straightforward question of statutory interpretation. When the legislature prescribed a sentence of natural life in prison for a first degree murder committed by a person who had previously committed "first degree murder under any state or federal law" (730 ILCS 5/5—8—1(a)(1)(c)(i) (West 1998)), did the legislature mean the sentencing provisions to apply only if the State had named the prior conviction as one for "first degree murder"? The parties agree that the legislative history includes no discussion of the issue.

In 1978 defendant, Paul West, pled guilty to a charge of murder. *People v. West*, 187 Ill. 2d 418, 437, 719 N.E.2d 664 (1999). The trial court, in a bench trial, found defendant guilty of another murder committed in 1986 and sentenced him to death. Defendant appealed his conviction and sentence for the second murder.

●1 In 1986 the legislature renamed the offense of murder to first degree murder. *People v. Jeffries*, 164 Ill. 2d 104, 111, 646 N.E.2d 587 (1995). The legislature also amended the sentencing provision for

murder. Before the amendment, the statute prescribed the sentence of natural life in prison for any defendant convicted of murder who had a prior murder conviction under any state or federal law. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c). The amended Unified Code of Corrections provides:

"[F]or first degree murder,

\* \* \*

(c) the court shall sentence the defendant to a term of natural life imprisonment when the death penalty is not imposed if the defendant[ ]

(i) has previously been convicted of first degree murder under any state or federal law." 730 ILCS 5/5—8—1(a)(1)(c)(i) (West 1998).

On the appeal from the second murder conviction, our supreme court affirmed the conviction but remanded to the trial court for the imposition of a sentence other than death. At the new sentencing hearing the trial court held that the statute mandated a sentence of natural life in prison. Defendant again appeals from his sentence.

Defendant contends that in 1978 he pled guilty to "murder," not to "first degree murder," and therefore section 5—8—1(a)(1)(c)(i) does not apply. The legislature defined first degree murder in section 9—1(a) of the Criminal Code of 1961 (720 ILCS 5/9—1(a) (West 1998)). That section states:

"A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

(1) he either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) he knows that such acts create a strong probability of death or great bodily harm to that individual or another; or

(3) he is attempting or committing a forcible felony other than second degree murder." 720 ILCS 5/9—1(a) (West 1998).

When defendant pled guilty to murder, the statute defined "murder" in the following language:

"A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

(1) He either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) He knows that such acts create a strong probability of death or great bodily harm to that individual or another; or

(3) He is attempting or committing a forcible felony other than voluntary manslaughter." Ill. Rev. Stat. 1977, ch. 38, par. 9—1(a).

A comparison of the two sections shows that they are identical, except that the new section uses the term "second degree murder" instead of "voluntary manslaughter," in accord with the statutory revision that replaced the crime of voluntary manslaughter with second degree murder. See *People v. Lewis*, 229 Ill. App. 3d 874, 879-80, 594 N.E.2d 414 (1992). Therefore, when defendant pled guilty to murder in 1978, he admitted he committed a crime identical to that named "first degree murder" in the present statutes.

Defendant argues that the legislature could have easily said that any conviction under a law substantially similar to our first degree murder statute would qualify for the penalty, as the legislature did in the death penalty statute. See 720 ILCS 5/9—1(b)(3) (West 1998). The legislature did not unambiguously establish the intention to mandate life imprisonment for persons convicted of "murder" rather than "first degree murder."

The defendant in *People v. Shoultz*, 289 Ill. App. 3d 392, 682 N.E.2d 446 (1997), raised a similar argument. Section 5—8—1(a)(1)(c)(ii) of the Unified Code of Corrections also mandates a sentence of natural life in prison for any defendant found guilty of "murdering" more than one person. 730 ILCS 5/5—8—1(a)(1)(c)(ii) (West 1994). The jury found Shoultz guilty on one count of feticide and also guilty on a count of first degree murder for the death of the mother of the fetus. Shoultz argued that the jury had not found him guilty of "murdering" more than one person, so section 5—8—1(a)(1)(c)(ii) did not apply. The trial court rejected the argument. The appellate court agreed with the trial court, finding that the statutory scheme, which imposed the same penalties for feticide as for first degree murder, unambiguously showed the intention to treat feticide as a form of murder for the Unified Code of Corrections.

Here, as in *Shoultz*, we find that the legislature has unambiguously expressed an intention to treat murder convictions under the prior statute as convictions for first degree murder under the current statute.

•2 By defining first degree murder to include conduct identical to that named "murder" under the statute in effect when defendant pled guilty to murder, the legislature unambiguously indicated an intention to treat convictions for murder under the prior statute as convictions for first degree murder. The trial court correctly held that the Unified Code of Corrections mandated a sentence of natural life in prison for defendant because the jury found him guilty of a first degree murder,

and he had a prior conviction for a first degree murder. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

O'MARA FROSSARD and COHEN, JJ., concur.